IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALTASAR ZUMUDIO,<br><br>    PLAINTIFF,<br><br>    v.<br><br>DITECH FINANCIAL LLC f/k/a GREEN TREE SERVICING LLC, a Delaware Limited Liability corporation, McCALLA RAYMER LEIBERT PIERCE, LLC, A Georgia limited Liability Corporation, and, PIERCE & ASSOCIATES, P.C., an Illinois professional corporation,<br><br>    DEFENDANTS. | Case No. 18 CV 3254<br><br>Hon. Judge Feinerman<br><br>Hon. Magistrate Judge Cole |

**MOTION TO DISMISS PURSUANT TO RULE 12(B)(5)**

NOW COME, Defendants, McCalla Raymer Leibert Pierce, LLC and Pierce & Associates, P.C., by and through their attorneys, McCalla Raymer Leibert Pierce, LLC, and they move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) on the basis that Plaintiff failed to serve Defendants with process within 90 days of filing the Complaint, as required by Federal Rule of Civil Procedure 4(m). In support thereof, Defendants state as follows:

**FACTUAL BACKGROUND**

Plaintiff filed its Complaint against Defendants on May 7, 2018 (the "Filing Date"). See Docket Entry #1. Plaintiff failed to serve the Complaint upon the registered agent for McCalla Raymer Leibert Pierce, LLC (hereinafter "McCalla") and Pierce & Associates, P.C. ("Pierce") within 90 days as required by Federal Rule of Civil Procedure 4(m). On July 24, 2018, Plaintiff summons issued to McCalla and Pierce were retuned as unserved because Plaintiff failed to identify the correct registered agents for McCalla and Pierce on its Summons. See Docket Nos. 12 and 13.

The identity of each registered agent for McCalla and Pierce was readily available from the Illinois Secretary of State. On August 8, 2018, the Court ordered that Plaintiff had until August 29, 2018 to show cause as to why the claims against Defendants, and McCalla should not be dismissed for failure to comply with Civil Rule 4(m). See, Docket Entry 17. On August 15, 2018, Plaintiff was granted until August 24, 2018 to serve Defendants, Pierce and McCalla. See Docket No. 22. The Court order stated that "Plaintiff is reminded that it is possible that service on the Illinois Secretary of State may not be appropriate if the Defendants can be lawfully served via means other than their respective registered agent." See Docket No. 22. Despite the August 15, 2018 Order and reminder contained therein, Plaintiff proceeded with service through the Illinois Secretary of State. At all relevant times, McCalla has been a law firm, doing business in Illinois, at its office located at 1 N. Dearborn, Suite 1200, Chicago, Illinois, 60602. Pierce, and through a series of combinations, McCalla, has continuously done business at 1 N. Dearborn, Suite 1200, Chicago, Illinois, 60602 for years.

## ARGUMENT

Plaintiff's Complaint should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff failed to effectuate service upon Pierce's registered agent or other person authorized to accept service and failed to serve McCalla's agent appointed to accept service of process as set forth by the Illinois Limited Liability Company Act, 805 ILCS 180/1-50, and Rule Fed R. Civ. P. 4(e)(2)(C). Under Rule 4(m), if service is not made within 90 days after the filing of the complaint, the Court must dismiss the action without prejudice or direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). Importantly, an extension should only be granted if the plaintiff makes a showing of "good cause" for failing to timely effect service. *Id*.

The plaintiff bears the burden of demonstrating good cause for an extension of time. *Panaras v. Liquid Carbonic Industries Corp*., 94 F. 3d 338, 340 (7th Cir. 1996). As stated by the Seventh Circuit, "[g]ood cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 992, 934 (7th Cir. 2002). This Circuit has made it clear that additional time should only be granted based upon "excusable neglect." *Id*. The "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (citation omitted).

Section 1-50 of the Illinois Limited Liability Company Act provides that "'a plaintiff can serve process upon a limited liability company only by serving "the registered agent appointed by the limited liability company or upon the Secretary of State.'" *Pickens v. Aahmes Temple #132, LLC*, 2018 IL App (5th) 170226, ¶ 38. Illinois Courts have held that service through the Secretary of State is improper when a party corresponds with the party to be served. *National Wrecking Co. v. Midwest Terminal Corp.*, 234 Ill. App. 3d 750, 766 (1st Dist. 1992). (Service held improper because plaintiff had been corresponding with officers of the company.)

In Illinois, service upon a limited liability corporation through the Illinois Secretary of State is proper in few circumstances, none of which apply to the instant matter. While, 805 ILCS 180/1-50 provides that notice may be served upon the registered agent or the Secretary of State, the ability to do so is limited by section (b), which states:

> (b) The Secretary of State shall be irrevocably appointed as an agent of a limited liability company upon whom any process, notice, or demand may be served under any of the following circumstances:
>
> (1) Whenever the limited liability company shall fail to appoint or maintain a registered agent in this State.

> (2) Whenever the limited liability company's registered agent cannot with reasonable diligence be found at the registered office in this State or at the principal place of business stated in the articles of organization.
> (3) When a limited liability company has dissolved, the conditions of paragraph (1) and paragraph (2) exist, and a civil action, suit or proceeding is instituted against or affecting the limited liability company within 5 years after the issuance of a certificate of dissolution or the filing of a judgment of dissolution.
> (4) When a domestic limited liability company has been dissolved, the conditions of paragraph (1) or paragraph (2) exist, and a criminal proceeding has been instituted against or affecting the limited liability company.
> (5) When the admission of a foreign limited liability company to transact business in this State has been revoked or withdrawn.

805 ILCS 180/1-50.

> A corporation is served "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State" or by any manner permitted by law, and it may be notified by publication and mail in the same manner and with the same effect as individuals. 735 ILCS 5/2-204.

*American Chtd. Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, ¶ 17.

A district court has held that "[t]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *Knorr v. Coughlin*, 159 F.R.D. 5, 7 (N.D.N.Y. 1994).

Plaintiff made no effort to serve the correct registered agent for either McCalla or Pierce after naming an improper registered agent for each, and as such, has not and cannot show "good cause" or "excusable neglect" to justify an extension of time for service of summons. McCalla, a law firm, has operated continuously in the same office space for several years. Pierce, which is a predecessor to the McCalla firm, has used, and continues to use, the same office suite as McCalla.

Not only has Plaintiff's counsel litigated other cases with Pierce before filing the instant action, counsel defended *Cook County Case No. 15 CH 02089*, which was filed by Pierce against

the Plaintiff herein. Throughout the course of that action, Plaintiff's counsel exchanged communications with McCalla, including e-mails, pleadings and orders, which provided Plaintiff with McCalla's physical address, its telephone number and an e-mail address. Not only did Plaintiff have the correct address for the law firms, neither law firm made any effort to evade service. Thus, Plaintiff knew or reasonably should have known where and how to serve McCalla and Pierce. Yet, despite all of this information at its disposal, Plaintiff attempted service upon McCalla and Pierce at the wrong suite and failed to name the proper registered agent for each, and as such, Plaintiff cannot show the requisite diligence required to proceed with service through the Secretary of State. Furthermore, Plaintiff made no effort whatsoever to serve an individual authorized to accept service of process for Pierce other than when it attempted to serve the incorrect registered agent, further demonstrating a lack of diligence to effectuate service.

Plaintiff's failure to undertake the minimal action needed to complete service during the 90 day period following the Filing Date, mandates that McCalla and Pierce be dismissed. Furthermore, Plaintiff waited until after the 90 day period mandated by Rule 4(m) lapsed and an order was entered asking them to show cause as to why the claims against Defendants, McCalla and Pierce, should not be dismissed for failure to serve said Defendants, before seeking additional time to even attempt to serve the two law firms. Once additional time was obtained, rather than attempt service upon the correct registered agent for either Defendant, Plaintiff proceeded improperly to serve Defendants through the Illinois Secretary of State.

Such service attempt was improper because McCalla, a foreign limited liability company, maintained active status with the Illinois Secretary of State and the only possible basis to sustain Secretary of State Service would be if the registered agent could not be found after exercising reasonable diligence. However, because the Plaintiff did not make any effort, *bona fide* or

otherwise, to serve summons upon McCalla's actual registered agent, Plaintiff did not exercise the requisite diligence. After Plaintiff's only attempt to serve McCalla's registered agent failed, because Plaintiff misidentified the registered agent, Plaintiff made no further attempt to serve McCalla's actual registered agent. Instead, of making the reasonable effort of naming and serving the actual registered agent, Plaintiff opted to proceed with service via the Illinois Secretary of State. Therefore, the Plaintiff failed to exercise even a scintilla of diligence to serve McCalla's registered agent, and as such, service of process through the Secretary of State must be quashed.

As the Plaintiff did not make a *bona effort* to effectuate service upon the registered corporate agent for McCalla within 90 days of the Filing Date, service through the Secretary of State was improper and must be quashed. As a consequence, this action must be dismissed as to McCalla. To the extent that Defendant has not served Pierce in any manner, this Court should also dismiss the action as to Pierce. If this Court does not dismiss this case to either McCalla or Pierce, Fed. R. Civ. P. 4(m) would indeed become a "toothless tiger."

WHEREFORE, Defendant, McCalla Raymer Leibert Pierce, LLC, respectfully asks that this Court dismiss this case, pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5). Alternatively, if this Court is inclined to deny this motion in whole or part, McCalla Raymer Leibert Pierce, LLC, and Pierce & Associates, P.C., request leave to answer or otherwise plead to the Complaint within 21 days after this motion is resolved.

                                              Respectfully submitted,

                                              McCalla Raymer Leibert Pierce, LLC and
                                              Pierce & Associates, P.C.

                                              By: /s/ Brian R. Merfeld
                                                    Attorney for Defendants,
                                             McCalla Raymer Leibert Pierce, LLC and
                                             Pierce & Associates, P.C.

Brian R. Merfeld (brian.merfeld@mccalla.com)
ARDC No. 6280615
McCalla Raymer Leibert Pierce, LLC
Attorney for Defendants, McCalla Raymer Leibert Pierce, LLC
and Pierce & Associates, P.C.
1 N. Dearborn, Suite 1200
Chicago, IL 60602
312-346-9088
CM 267639

## CERTIFICATE OF SERVICE

     I, Brian R. Merfeld, an attorney, hereby certify that on September 26, 2018, I caused to be electronically filed Defendant's Motion to Dismiss, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                              By: /s/ Brian R. Merfeld
                                                                 Attorney for Defendants,
                                                      McCalla Raymer Leibert Pierce, LLC
                                                      and Pierce & Associates, P.C.

Brian R. Merfeld (brian.merfeld@mccalla.com)
ARDC No. 6280615
McCalla Raymer Leibert Pierce, LLC
Attorney for Defendants, McCalla Raymer Leibert Pierce, LLC
and Pierce & Associates, P.C.
1 N. Dearborn, Suite 1200
Chicago, IL 60602
312-346-9088
CM 267639